UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

C.C., individually and on behalf of D.A., a child with a disability,

                *Plaintiff,*

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                *Defendant.*

COMPLAINT

Case No.

---

Plaintiff C.C., by and through her attorneys, CUDDY LAW FIRM, PLLC, for her complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

2. Plaintiff C.C. and D.A. reside in the County of Kings, State of New York.

3. D.A. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4. C.C. is the parent of D.A. as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of Defendant.

## FACTUAL BACKGROUND – CASE NUMBER 173779

8. On June 22, 2018, Plaintiff C.C. initiated an impartial due process hearing on behalf of her child, D.A., alleging a denial of a free appropriate public education ("FAPE") for the 2016-2017, 2017-2018, and 2018-2019 school years and seeking various relief.

9. This case was assigned Impartial Hearing Office Case Number 173779.

10. An impartial due process hearing was held for C.C. and D.A. on May 6, 2019.

11. On May 13, 2019, the impartial hearing officer ("IHO") issued a Finding of Facts and Decision ("FOFD") in favor of the parent, finding a denial of FAPE for all three disputed school years and awarding relief including, but not limited to: (i) referral of D.A. to the district's CBST to effectuate a placement in an intensive language-based program utilizing an integrated multi-sensory methodology to address D.A.'s continuing significant language-related delays; (ii) a bank of 1,280 hours of compensatory 1:1 tutoring services, including

two hours of daily afterschool tutoring services while school is in session, and four hours daily "in weeks when it is not," all of which are set to expire on August 31, 2021; (iii) a neuropsychological evaluation, at public expense, "towards [*sic*] the end of the 2019-20 school year to determine whether the program and services here ordered have been effective and whether the *Reid* standard has been met and the student is where she would have been had FAPE been available during the three years covered here"; and (iv) a copy of the FOFD, to be provided by the district, to "any person participating in any review of this student on its behalf during the period of compensatory instruction here mandated."

12. "CBST" refers to the New York City Department of Education's Central Based Support Team.

13. "1:1" means "one-to-one", as a reference to individualized services between one student and one service provider.

14. On October 14, 2019, Plaintiff, through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

15. As of the date of this complaint, Defendant has failed to settle the attorneys' fees in this matter.

16. Plaintiff C.C., through her counsel, informed Defendant on October 14, 2019 of her intent to have Kid Success, Inc. provide the tutoring services ordered in the IHO's FOFD, contingent upon Defendant's payment for the services so ordered; and in the same communication to Defendant, requested that Defendant's Implementation Office authorize funding for such services to be

made, in order that Kid Success, Inc. would receive payment for services rendered.

17. Defendant's Implementation Office, in its usual and regular course of business, is Defendant's point-of-contact for the payment of services provided by private contractors and agencies who are not employed by Defendant.

18. On November 6, 2019, November 27, 2019, December 13, 2019, and February 13, 2019, Plaintiff C.C., through counsel, sent email communications to Defendant's Implementation Office, in order to follow up on her request that Defendant authorize funding for the tutoring services ordered in the IHO's FOFD.

19. As of the date of this complaint, Defendant has failed to authorize payment for the above tutoring services.

## FIRST CAUSE OF ACTION

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff C.C. initiated an impartial hearing on behalf of D.A.

22. Plaintiff C.C. prevailed at the impartial hearing by obtaining a finding of facts and decision from the impartial hearing officer ordering the relief demanded by plaintiff C.C.

23. Plaintiff C.C. having prevailed in the underlying proceedings hereby demands reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. Defendant has not complied with the terms of the IHO's FOFD in case number 173779.

26. Defendant has, under color of law, deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's FOFD.

27. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. *See Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 151 (2d Cir. 2002) ("as noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); *contra A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

28. Specifically, Plaintiff seeks an order directing that Defendant comply immediately with all of the terms of the IHO's FOFD.

## THIRD CAUSE OF ACTION

29. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

31. The First, Third, Fourth, Ninth, and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See, e.g.*, *Blanchard v. Morton School Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

32. Thus, in the alternative to the § 1983 cause of action stated above, Plaintiff seeks an order pursuant to the IDEA's own enforcement authority directing that Defendant comply immediately with all of the terms of the IHO's FOFD.

FOURTH CAUSE OF ACTION

33. Plaintiff repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. The IHO calculated the expiration date of D.A.'s compensatory hours *in tandem* with the hours themselves.

35. Defendant's refusal to implement the IHO's FOFD in a timely manner has caused D.A. harm, as each day that passes brings the Student closer to the expiration of the unused compensatory hours awarded by the IHO, and thereby increases the number of hours that could not possibly be used.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award to Plaintiff C.C. the costs, expenses and attorneys' fees for the administrative proceeding in the matter of D.A. pursuant to 20 U.S.C. § 1415;

(2) Issue an order directing Defendant to immediately authorize funding for tutoring services by Kid Success, Inc., as ordered by the IHO;

(3) Issue an order granting additional makeup services to compensate for failure to implement the IHO's order in a timely manner;

(4) Award to the Plaintiff the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(5) Grant such other and further relief as the Court deems just and proper.

Dated: March 4, 2020
Auburn, NY

Respectfully,

s/Benjamin M. Kopp
CUDDY LAW FIRM, PLLC
Benjamin M. Kopp, Esq.
*Attorneys for Plaintiff*
5693 South Street Road
Auburn, New York 13021
Tel.: (315) 207-5584
bkopp@cuddylawfirm.com