UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
C.C. individually and on behalf of D.A.,

                       Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ORDER</u>

20 Civ. 1915 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff initiated a due process hearing alleging denial of a free appropriate public education for her child, D.A. The parties dispute the process by which the Impartial Hearing Order ("IHO") was implemented. Plaintiff asserts that the DOE is the direct cause of the absence of tutoring for seven months.

    Plaintiff objects under Federal Rule of Civil Procedure 72(a) to two orders issued by Magistrate Judge Cave. On September 21, 2021 Magistrate Judge Cave denied Plaintiff's letter-motion for an order compelling Defendant New York City Department of Education to supplement its discovery responses. (September 21, 2021 Order, ECF No. 63, at 1.) On September 30, 2021, Magistrate Judge Cave issued an Opinion and Order denying Plaintiff's motion pursuant to Federal Rule of Civil Procedure 65 seeking a preliminary injunction directing the DOE to comply with the May 13, 2019 order of an Impartial hearing Officer concerning the education of D.A., Plaintiff's child. (September 30, 2021 Opinion and Order, ECF No. 69.)

1

Plaintiff objects to the portion of the September 21 Order denying Plaintiff's request for an order compelling Defendant to respond to Interrogatories 9-11 on the grounds that Magistrate Judge Cave erred in finding that the issue of attorney's fees was premature. (*Id.* at 18.) Plaintiff objects to the September 30 Opinion and Order on the grounds that Magistrate Judge Cave misread the Impartial Hearing Officer's Final Decision and did not consider certain facts in concluding that Plaintiff failed to establish a likelihood of success on the merits of her claim. (*Id.* at 6.) Having reviewed Magistrate Judge Cave's rulings for clear error, and finding none, Plaintiff's objections to the September 21 Order and the September 30 Opinion and Order are OVERRULED.[1]

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y. 2006)

---

[1] The Court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

(noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

### September 21, 2021 Order

Magistrate Judge Cave appropriately found that Plaintiff's discovery request regarding fees was premature. First, as Magistrate Judge Cave noted at a discovery conference held on September 21, 2021, the parties made no attempt to meet and confer regarding Plaintiff's discovery request prior to Plaintiff's letter motion to compel a response. (Transcript of September 21, 2021 Conference, ECF No. 65, at 6:7-7:5.) Second, Plaintiff represented that the information requested would not become relevant until summary judgment or a hearing on this case, and Plaintiff has neither filed a motion for attorney's fees or for summary judgment. (*Id.* at 9:21-10:8.) Accordingly, Magistrate Judge Caves conclusion was not clearly erroneous.

### September 30 Opinion and Order

Magistrate Judge Cave appropriately found that Plaintiff could not establish a likelihood of success on the merits of her claim that the DOE failed to implement the IHO Order. As Magistrate Judge Cave noted in her opinion, the plain language of the IHO order did not order the DOE to take any further action before D.A. was entitled to receive tutoring services. (September 30 Opinion and Order a 16.) Instead, the IHO stated that the tutoring hours "were to be drawn by the family at such times and in such locations as they deem practicable, and to be used no later than August 31, 2021." (*Id.*) Moreover, within twelve days of Plaintiff's counsel designating a preferred service provider for tutoring services, the provider began compensatory tutoring to D.A. (*Id.* at 17.) Accordingly, Magistrate Judge Caves conclusion that Plaintiff could not establish a likelihood of success on the merits of her claim was not clearly erroneous

3

Plaintiff's Rule 72 objections to Magistrate Judge Cave's September 21 and September 30 Orders are OVERRULED and Magistrate Judge Cave's Orders are adopted in their entirety.

Dated: February 22, 2022
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4