

> Plaintiff's letter-motion for reconsideration (ECF No. 93) is DENIED.  The parties shall be prepared to discuss the issues raised in the their letters dated March 31 and April 4, 2023 (ECF Nos. 91; 93) in the status conference scheduled for Friday, April 28, 2023 at 11:00 a.m.  (See ECF No. 92).
>
> The Clerk of Court is respectfully directed to close ECF No. 93.
>
> SO ORDERED 04/05/23
>
> SARAH L. CAVE
> United States Magistrate Judge

April 4, 2023

Hon. Sarah L. Cave
500 Pearl Street
New York, NY 10007

**Re:** *C.C., individually and on behalf of D.A. v. New York City Department of Education*,
No. 1:20-cv-1915-GBD-SLC

Dear Hon. Cave:

My office represents the Plaintiff in the above matter. Under the current circumstances addressed in the parties' joint status letter, settlement discussions are unable to continue (for the reasons stated below) for the three weeks leading up to the scheduled April 28, 2023 conference. Accordingly, Plaintiff respectfully requests reconsideration of the Court's Memo Endorsement at ECF 92, to include an Order that DOE produce the mandatory *L.V.* disclosures,[1] which are necessary for discussion to continue.

First, it is the parties' understanding that the Court anticipates discussions to continue for the next three weeks, which requires: (i) the *L.V.* disclosures from DOE, to address the substantive relief for C.C. and her daughter; and (ii) the billing records that, as noted in the parties' joint status letter, our Firm is providing to DOE this week. For starters, on the stated pretext that we need to discuss settlement prior to the conference, while DOE refuses to disclose the *L.V.* materials, DOE threatened my office this morning with a frivolous motion to compel billing records sooner than agreed in the joint status letter. Of course, while our Firm is providing billing as soon as we can (hopefully even today or tomorrow), this effort will be futile toward any meaningful settlement discussion, absent the *L.V.* disclosures, to bring DOE "back to the table" on the substantive claims.

Second, as the Court is aware, the *L.V.* Notice (ECF 91-2) is boilerplate enough to fit any IHO Order, and thus, requires families to rely on the "expedited discovery from the DOE" set forth at ¶ 20 of the *L.V.* parties' Stipulation and Agreement of Settlement (Attachment 1 hereto), in order to address what was not "Timely Implemented" and why. The *L.V.* Stipulation makes "Timely Implemented" a term of art for that agreement, allowing limited circumstances—such as inability to implement due to the actions or inactions of a third party—where the Independent Auditor could deem an order "Timely Implemented" where it otherwise might not have been (pgs. 10-11). The language at ¶ 20 makes the *L.V.* Notice *prima facie* evidence that an underlying IHO Order was not "Timely Implemented" and provides "such parent or child shall not be required to come forward with additional evidence of failure to Timely Implement his or her Order unless the court

---

[1] Plaintiff acknowledges that the Scheduling Order—filed over a year-and-a-half ago, including over a year before DOE issued its *L.V.* Notice—in this matter contemplated a discovery close date in October 2021. However, this issue was obviously unable to be addressed prior to the close of discovery, nor for more than another year thereafter.

concludes that the DOE has successfully proven that the Order at issue was in fact Timely Implemented." DOE is "limited to the Independent Auditor's report pursuant to which the Non-Implementation Notice was sent and the documents and information available to the Independent Auditor in connection with the preparation of that report, all of which shall be made available to the parent or child (with such confidentiality restrictions as may be deemed appropriate) upon request (without the need for a formal discovery request) as soon as the DOE indicates an intent to seek to prove that the Order at issue was Timely Implemented." Attachment 1 (*L.V.* Stipulation) ¶ 20. Plaintiff stated in the joint letter that the *L.V.* Notice (and its disclosures) will be relevant to two independent causes of action here: (i) the IHO's Order is not fully implemented (Second/Third COA); and (ii) even if the Court were to deem it "fully implemented", the untimeliness caused D.A. harm in a manner that entitles her to compensatory hours (Fourth COA). By DOE's dispute against both of these causes of action, DOE has indicated that it disputes that these matters were "Timely Implemented" within the meaning of the *L.V.* Stipulation, even if DOE suggests that it will not contest the dictionary definition of "timely" implementation.

In the alternative to Plaintiff's request, if the Court believes the above issues are better addressed by Plaintiff seeking to intervene in *L.V. v. New York City Dept. of Educ.*, 1:03-cv-9917-LAP-KNF, in the interest of having a single Court interpreting the Stipulation, Plaintiff respectfully requests a date by which such intervention should be sought.

Thank you for your continued consideration of this matter.

Respectfully,

s/Benjamin M. Kopp
Benjamin M. Kopp